IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY HILFIGER LICENSING LLC, CALVIN KLEIN TRADEMARK TRUST and CALVIN KLEIN, INC., <br><br> Plaintiffs, <br> v. <br><br> CALVINKLEINEN.COM, et al., <br><br> Defendants. | Case No. 20-cv-06508 <br><br> **Judge Manish S. Shah** <br><br> **Magistrate Judge Young B. Kim** |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

Plaintiffs Tommy Hilfiger Licensing LLC, Calvin Klein Trademark Trust, and Calvin Klein, Inc. (collectively, "Plaintiffs") submit the following memorandum in support of their Motion for Protective Order.

## INTRODUCTION

Defendant miuter.com ("Defendant") has and continues to engage in a pattern of harassment by seeking to depose high-ranking executives of Plaintiffs' parent company, PVH Corporation ("PVH"). After eventually withdrawing the Deposition of Stefan Larsson - Chief Executive Officer of PVH, after a meet-and-confer conference, Defendant then noticed new depositions for Mark Fischer – Executive Vice President, General Counsel and Secretary, Bill McRaith – Chief Supply Chain Officer (collectively, "PVH Executives"), and Alastair Gray – Senior Brand Protection Manager – Online. Courts routinely take action under Federal Rule of Civil Procedure 26(c) to preclude efforts by litigants to harass and target high-ranking executives that have no personal knowledge of the events underlying litigation. The Court should do so here.

1

Likewise, the Deposition of Mr. Gray should be stayed until Defendant demonstrates a bona fide effort to participate in discovery, including producing documents and providing legitimate responses to Plaintiffs' written discovery requests.

## BACKGROUND

Plaintiffs filed their Complaint on November 2, 2020, alleging trademark infringement, counterfeiting, and false designation of origin. [1]. Plaintiffs served Defendants with the Complaint and Summons on November 25, 2020. [39]. On December 23, 2020, Defendant miuter.com filed its Answer to the Complaint. [51].

On January 13, 2021, after settlement negotiations had reached an impasse, Plaintiffs' counsel and Defendant's counsel met for a Rule 26(f) conference. Declaration of Justin R. Gaudio ("Gaudio Declaration") at ¶ 2. Plaintiffs then served their initial disclosures, First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admission ("RFA"), and First Set of Requests for Production ("RFP") on February 2, 2021. *Id*. at ¶ 3. Plaintiff was served with Defendant's initial disclosures on February 5, 2021. *Id*. at ¶ 4.

On February 21, 2021, prior to serving any written discovery requests, Defendant noticed the Deposition of Stefan Larsson, the Chief Executive Officer of PVH, for March 10, 2021. *Id*. at ¶ 6. Plaintiffs objected and requested that Defendant withdraw the Notice of Deposition. *Id*. at ¶ 7. When Defendant refused to withdraw the Notice of Deposition, Plaintiffs requested a Local Rule 37.2 meet-and-confer conference, which was held on March 5, 2021. *Id*. at ¶ 8. Defendant continued to refuse to withdraw the Notice of Deposition of Stefan Larsson. *Id*. Also, during the meet-and-confer, Plaintiffs inquired about the status of Defendant's discovery responses, which were already past due. *Id*. at ¶ 9. Defendant stated it would send responses by the end of the day

2

(March 5, 2021), but that it would not be producing **any** documents in response to Plaintiffs' RFPs. *Id*. at ¶ 10.

Shortly before midnight on March 5, 2021, Defendant served its untimely response to Plaintiffs' discovery requests. *Id.* at ¶ 11-12. Defendant failed to produce a single document[1] in response to Plaintiffs' RFPs. *Id.* at ¶ 12. Defendant also withdrew the Notice of Deposition of Stefan Larsson. *Id.* at ¶ 13. However, Defendant then served Notices of Deposition for different PVH executives, including Mark Fischer - Executive Vice President, General Counsel, and Secretary and Bill McRaith - Chief Supply Chain Officer, as well as Alastair Gray - Online Brand Protection Manager for March 22-24. *Id.*

On March 9, 2021, Plaintiffs sent a letter to Defendant's counsel with a March 11, 2021 deadline to cure deficiencies in Defendant's responses to Plaintiffs' Interrogatories, RFAs and RFPs and requesting that Defendant withdraw the most recent deposition notices. *Id.* at ¶ 14. Defendant did not respond. *Id.* at ¶ 16. However, on March 12, 2021, Defendant served its First Set of Interrogatories and First Set of Requests for Production[2]. *Id.* at ¶ 15. On March 16, 2021, a NDIL Local Rule 37.2 meet-and-confer conference was held, and no resolution was reached. *Id.* at ¶ 16.

---

[1] *See* Plaintiffs' concurrently filed Motion to Compel.

[2] Defendant's First Set of Interrogatories and First Set of Requests for Production further illustrate that Defendant is utilizing discovery for improper purposes, including to harass, cause unnecessary delay, and needlessly increase the cost of litigation. Indeed, many of the requests call for information that would be extremely burdensome to obtain and that is not relevant to any claim or defense in this case. *See* Gaudio Dec. at ¶ 15 (Exhibit 4).

# ARGUMENT

I.  **Legal Standard**

The Court may issue a protective order for "good cause," which includes protecting an individual "from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). The Court must also limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Consistent with these principles, courts in this Circuit and elsewhere routinely limit "apex" depositions—the depositions of individuals who occupy the highest positions of an organization. *See id.* at 679-82. When such "apex" depositions are sought, courts may protect high-level executives from being deposed if **any** of four circumstances exist: (1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the officer's other duties. *Little v. JB Pritzker*, No. 18 C 6954, 2020 U.S. Dist. LEXIS 29805 (N.D. Ill. Feb. 21, 2020) (collecting cases). "As such, the apex doctrine . . . bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information." *Id.* (quoting *Dyson, Inc. v. SharkNinja Operating LLC*, No. 14 C 779, 2016 U.S. Dist. LEXIS 54267 at *1 (N.D. Ill. April 22, 2016)).

II.  **The Court Should Issue a Protective Order Prohibiting Defendant from Deposing PVH Executives Mr. Fischer and Mr. McRaith**

PVH Executives—apex figures at a multibillion dollar company—should not be deposed in this matter. They have no unique personal knowledge regarding any of the issues relevant to this case. Moreover, even assuming, *arguendo*, that the PVH Executives had any tangential information related to relevant facts or circumstances of this case, Defendant could obtain the information by less-intrusive means.

The PVH Executives have no personal knowledge about any topic on which Defendant could seek to depose them. Mr. Fischer is Executive Vice President, General Counsel and Secretary of PVH, while Mr. McRaith is Chief Supply Chain Officer of PVH. In terms of Plaintiffs' anticounterfeiting program, PVH Executives do not run the day-to-day operations and do not have personal knowledge of such details. They also have no unique—if *any*—personal information relevant to any of Plaintiffs' claims or Defendant's alleged defenses. *See* [51].

Even if PVH Executives had knowledge relevant to this case, Defendant can obtain that information from other sources. Rather than participate in written discovery, Defendant targeted top PVH executives with no personal knowledge or involvement in this case. *See* Gaudio Dec. at ¶¶ 4, 6, 13. First, Defendant noticed the deposition of Stefan Larsson, the Chief Executive Officer of PVH Corp. *Id.* at ¶ 6. Plaintiffs objected and asked Defendant to withdraw the deposition notice, which Defendant refused both initially and at a meet-and-confer conference. *Id.* at ¶¶ 7-8.

Defendant then withdrew the Deposition of Mr. Larsson and noticed three new depositions, for Mr. Fischer, Mr. McRaith, and Mr. Gray. *Id.* at ¶ 13. These depositions also appear to be presented for improper purposes, including to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See* Fed. R. Civ. P 11(b)(1); *see also Consolidated Rail Corp. v. Primary Indus. Corp.,* 1993 U.S. Dist. LEXIS 12600, at *2 (S.D.N.Y. Sept. 10, 1993) (discussing how such unfettered discovery of corporate executives can be used by unscrupulous parties as a potent tool for litigation harassment).

Defendant has many legitimate discovery options available to investigate its claims and defenses, including written discovery. By choosing to forego any of these less expensive and more convenient discovery options, Defendant has shown its hand—that it merely seeks to disrupt

5

Plaintiffs' business and harass Plaintiffs' executives. As such, a protective order barring the depositions of Mr. Fischer and Mr. McRaith is warranted.

**III.     The Court Should Issue an Order Prohibiting Defendant from Deposing Mr. Gray**

The Deposition of Alastair Gray should be stayed until Defendant demonstrates a bona fide effort to participate in discovery. Since the January 13, 2021 26(f) conference, Defendant has: (1) made multiple attempts to depose PVH executives without any legitimate basis to do so; (2) failed to produce a single document or legitimate response to any of Plaintiffs' written discovery requests; and (3) served discovery requests calling for information that would be extremely burdensome to obtain and that is not relevant to any claim or defense in this case. *See* Gaudio Dec. at ¶¶ 4, 6, 8, 10-16.

Given Defendant's actions thus far, this Court should require Defendant to demonstrate that the request is genuine and not solely to harass Mr. Gray, who is located in Amsterdam, Netherlands. Specifically, Defendant should be required to provide legitimate responses to Plaintiffs' written discovery requests and, at a minimum, at least attempt to obtain the information that Defendant is seeking from Mr. Gray through written discovery requests before proceeding with Mr. Gray's deposition.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter a protective order prohibiting Defendant from deposing Mr. Fischer, Mr. McRaith, and Mr. Gray.

Dated this 16th day of March 2021.　　　Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ibegert@gbc.law

*Counsel for Plaintiffs Tommy Hilfiger Licensing LLC, Calvin Klein Trademark Trust and Calvin Klein, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ibegert@gbc.law

*Counsel for Plaintiffs Tommy Hilfiger Licensing LLC, Calvin Klein Trademark Trust and Calvin Klein, Inc.*
